IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No. 13-163 Erie |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES J. PROSSER and<br>BARBARA J. PROSSER, | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR FEDERAL TAXES

Plaintiff, the United States of America, for its complaint against defendants, alleges as follows:

1. This is a civil action brought by the United States of America to collect the outstanding balance of the federal tax assessments made against the defendant taxpayers, Charles J. Prosser and Barbara J. Prosser, for the 2001, 2002, and 2003 taxable years together with the accrued interest and statutory additions to tax for those taxable years.

## JURISDICTION & VENUE

2. This civil action is commenced at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General for the United States, pursuant to section 7401 of the Internal Revenue Code (26 U.S.C.) ("I.R.C.").

3. Jurisdiction over this action is conferred upon this Court by virtue of 28 U.S.C. §§ 1340, and 1345.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant Charles J. Prosser resides in Smethport, Pennsylvania, within this judicial district.

7. Defendant Barbara J. Prosser resides in Smethport, Pennsylvania, within this judicial district.

## COUNT 1

2001, 2002, AND 2003 FEDERAL TAX LIABILITIES OF CHARLES J. PROSSER

8. The allegations of paragraphs 1 through 7, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

9. On the dates set forth below, a delegate of the Secretary of the Treasury properly and timely made assessment against, and gave notice of, and made demand for payment upon Charles J. Prosser for unpaid federal income taxes (Form 1040) and statutory additions to tax for the 2001, 2002, and 2003 taxable years in the amounts hereinafter indicated:

| Tax Period Ending | Assessment Date | Assessment Amount | Amount Due (as of June 24, 2013) |
|---|---|---|---|
| Income (2001) | February 3, 2003 | $19,126.00 (1) | |
| | | $1,370.29 (2) | |
| | | $331.77 (3) | $8,054.55 |
| Income (2002) | June 9, 2003 | $9,836.00 (1) | |
| | | $76.36 (2) | |
| | | $57.74 (3) | $10,101.16 |
| Income (2003) | June 7, 2004 | $7,924.00 (1) | |
| | | $208.90 (2) | |
| | | $43.52 (3) | $11,352.38 |
| **TOTAL DUE** | | | **$29,508.09** |

10. Section 6502 of the I.R.C. provides a ten-year statute of limitations from the date of assessment to collect tax due, subject to tolling. In this case, because of tolling due to Charles J. Prosser's five installments payments agreements (none of which he completed), if the within complaint was not filed, the statute of limitations for collecting the income tax, penalties, and interest from Charles J. Prosser for 2001 would expire on July 5, 2013, the statute of limitations for 2002 would expire on November 6, 2013, and the statute of limitations for 2003 would expire on October 5, 2014.

11. Proper notice and demand for payment of the above-described tax assessments were given to Charles J. Prosser.

---

(1) Federal income tax assessed    (3) Statutory interest assessed
(2) Penalty

10126039.1

12. The aforementioned tax assessments were correctly made in accordance with the law.

13. Interest, costs, and statutory additions have accrued on the unpaid balance of the assessments since the dates of the assessments, and will continue to accrue.

14. Despite the notices and demand for payment, Charles J. Prosser has neglected or refused to fully pay the United States the tax assessments described in paragraph 9, above, together with the statutory additions to tax and interest which have accrued thereon as provided by law.

15. As a result of his failure to fully pay the tax assessments described in paragraph 9, above, Charles J. Prosser is indebted to the United States for the unpaid balance of the federal tax assessments made against him for the 2001, 2002, and 2003 tax years in the amount of $29,508.09, as of June 24, 2013, together with statutory additions to tax and interest as provided by law.

## COUNT II

2001, 2002, AND 2003 FEDERAL TAX LIABILITIES OF BARBARA J. PROSSER

16. The allegations of paragraphs 1 through 15, inclusive, are realleged and incorporated by reference in this count as though fully set forth herein.

17. On the dates set forth below, a delegate of the Secretary of the Treasury properly and timely made assessments against, and gave notice of, and made demand for payment upon Barbara J. Prosser for unpaid federal income taxes (Form 1040) and statutory additions to tax, for the 2001, 2002, and 2003 taxable years in the amounts hereinafter indicated:

10126039.1

| Tax Period Ending | Assessment Date | Assessment Amount | Amount Due (as of June 24, 2013) |
|---|---|---|---|
| Income (2001) | February 3, 2013 | $19,126.00 (1) | |
| | | $1,370.29 (2) | |
| | | $331.77 (3) | $8,080.98 |
| Income (2002) | June 9, 2003 | $9,836.00 (1) | |
| | | $76.36 (2) | |
| | | $57.47 (3) | $9,970.99 |
| Income (2003) | June 7, 2004 | $7,924.00 (1) | |
| | | $208.90 (2) | |
| | | $43.52 (3) | $11,352.38 |
| **TOTAL DUE** | | | **$29,404.35** |

18.     Section 6502 of the I.R.C. provides a ten-year statute of limitations from the date of assessment to collect tax due, subject to tolling.  In this case, because of tolling due to Barbara J. Prosser's five installments payments agreements (none of which she completed) and her bankruptcy petition (1:05-bk-3807, Bankr. M.D. Pa.), if the within complaint was not filed, the statute of limitations for collection of the income tax, penalties, and interest from Barbara J. Prosser for 2001 would expire on May 14, 2015, the statute of limitations for 2002 would expire on September 2, 2015, and the statute of limitations for 2003 would expire on August 3, 2016.

---

(1) Federal income tax assessed     (3) Statutory interest assessed
(2) Penalty

5

10126039.1

19. Proper notice and demand for payment of the above-described tax assessments were given to Barbara J. Prosser.

20. The aforementioned tax assessments were correctly made in accordance with the law.

21. Interest, costs, and statutory additions have accrued on the unpaid balance of the assessments since the dates of the assessments, and will continue to accrue.

22. Despite the notices and demand for payment, Barbara J. Prosser has neglected or refused to fully pay the United States the tax assessments described in paragraph 17, above, together with the statutory additions to tax and interest which have accrued thereon as provided by law.

23. As a result of her failure to fully pay the tax assessments described in paragraph 17, above, Barbara J. Prosser is indebted to the United States for the unpaid balance of the federal tax assessments made against her for the 2001, 2002, and 2003 tax years in the amount of $29,404.35, as of June 24, 2013, together with statutory additions to tax and interest as provided by law.

WHEREFORE, the United States of America prays:

A. As to Count I, the Court render judgment in favor of the United States and against Charles J. Prosser, for unpaid income tax, interest, and penalties relating to the years 2001, 2002, and 2003 in the amount of $29,508.09, as of June 24, 2013, plus statutory additions and interest accruing thereafter according to the law until paid;

B. As to Count II, the Court render judgment in favor of the United States and against Barbara J. Prosser, for unpaid income tax, interest, and penalties relating to

10126039.1

the years 2001, 2002, and 2003 in the amount of $29,404.35, as of June 24, 2013, plus statutory additions and interest accruing thereafter according to the law until paid; and

    C.    Grant such other and further relief as may be deemed just and necessary under the circumstances.

DATE:  June 19, 2013.

DAVID J. HICKTON
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General
Tax Division

/s/ Thomas J. Jaworski
THOMAS J. JAWORSKI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Tel: (202) 307-6390
Fax: (202) 514-6866
Thomas.J.Jaworski@usdoj.gov

MICHAEL COMBER
Assistant United States Attorney
PA Bar No. 81951